UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| MEGAN GALVIN,<br><br>　　Plaintiff,<br><br>v.<br><br>GOOD EARTH PRODUCE &<br>GARDEN CENTER, LLC<br><br>　　Defendant. | CIVIL ACTION FILE<br>NO. __CV124-151_____<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Megan Galvin ("Galvin" or "Plaintiff") respectfully submits the following Complaint:

## INTRODUCTION

Defendant Good Earth Produce & Garden Center, LLC, through its owner, Rick Catts ("Catts"), made multiple sexual advances towards Galvin, withheld her pay, and appeared at her home uninvited. After Plaintiff complained of Catts' conduct, Defendant retaliated against Galvin. As a result of this mistreatment, Plaintiff brings claims of sexual harassment and retaliation under Title VII against Defendant. Plaintiff seeks declaratory and injunctive relief, damages, and attorneys' fees and costs.

## JURISDICTION AND VENUE

1. Plaintiff's claims under Title VII of the Civil Rights Act, 42 U.S.C. § 2000(e), present federal questions over which the Court has subject matter jurisdiction under 28 U.S.C. § 1331.

2. This Court is a proper Southern District of Georgia and because the unlawful conduct giving rise to the claims occurred in this District.

## THE PARTIES

3. Plaintiff resides in Stephenville, Texas and submits herself to the jurisdiction of this Court. Plaintiff is a former employee of Defendant.

4. Defendant is a for profit corporation doing business in the State of Georgia and is, therefore, subject to personal jurisdiction in Georgia. Defendant may be served with process by serving its Registered Agent, Rick Catts, at 150 Davis Road, Augusta, Georgia 30907.

## FACTUAL ALLEGATIONS

5. Galvin began working at Good Earth Produce and Garden Center in March 2021 as the Greenhouse Manager.

6. Beginning in the summer after she was hired, Richard Catts, the owner of Good Earth Produce began doing and saying inappropriate things to Galvin. For example, he followed Galvin around the store, asked to meet Galvin after work, and appeared at Galvin's home uninvited.

7. Catts kept stating that he wanted to get to know Galvin better while he represented that he was divorcing his wife.

8. Shortly thereafter, Catts bluntly declared that he wanted a physical relationship with Galvin. He even went so far as to withhold her paychecks suggesting that she had to have sex with him before she would be paid.

9. Galvin complained to two members of upper management about the sexual harassment, one of whom told her to simply ignore it and the other manager failed to follow up with her.

10. By September 2021, Galvin could no longer tolerate or effectively thwart Catts' advances, so she left the company to avoid further harassment.

11. The following month Good Earth named Galvin, and thirteen of her female co-workers as defendants, in a frivolous lawsuit, Richmond County Superior Court Case No. 2021RCCV00569, alleging that her truthful statements about Catts' sexual harassment were defamatory and interfered with Good Earth's business. The case was dismissed on January 21, 2022.

## COUNT I
### Sexual Harassment/Gender Discrimination (Title VII)

12. Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

13. Defendant's discrimination against Plaintiff because of her gender in the terms and conditions of employment and termination violates the statutory

provisions and protections of Title VII. Defendant created a hostile work environment for Plaintiff and exacted tangible employment actions against her.

14. As a direct and proximate result of Defendant's violations of Title VII, Plaintiff has suffered damages, including but not limited to, lost wages, benefits of employment, emotional distress, mental anguish, humiliation, pain and suffering.

15. Plaintiff is threatened with further injury and loss for which she has no plain, adequate or speedy remedy at law.

16. Defendant's acts and conduct constitute willful and intentional discrimination.

17. Defendant engaged in its discriminatory practices intentionally and/or with malice and/or with reckless indifference to Plaintiff's rights.

## COUNT II
### Retaliation (Title VII)

18. Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

19. Plaintiff engaged in protected activity by reporting the sexual harassment she endured to two members of upper management.

20. Defendant retaliated against Galvin by altering the terms and conditions of her employment and by constructively discharging her for reporting sexual harassment in violation of Title VII.

21. Defendant also filed a frivolous lawsuit against Galvin for defamation

based upon her opposition conduct.

22. As a direct and proximate result of Defendant's violations of Title VII, Plaintiff has suffered damages, including but not limited to, lost wages, benefits of employment, emotional distress, mental anguish, humiliation, pain and suffering.

23. Defendant engaged in retaliatory practices intentionally and/or with malice and/or with reckless indifference to Galvin's rights.

24. As a direct and proximate result of Defendant's violations of Title VII, Plaintiff has suffered damages, including but not limited to, lost wages, benefits of employment, emotional distress, mental anguish, humiliation, pain and suffering.

## **PRAYER FOR RELIEF**

Plaintiff respectfully requests the following relief:

a. declaratory judgment that Defendant violated the Plaintiff's rights under Title VII;

b. an injunction prohibiting the Defendant from engaging in such unlawful conduct in the future;

c. compensatory damages, in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

d. punitive damages in an amount to be determined by the enlightened

      conscience of the jury to be sufficient to punish Defendant for its conduct toward Plaintiff and deter it from similar conduct in the future;

e.   reasonable attorneys' fees and costs; and

f.   other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted this 30th day of August 2024.

                                        LEGARE, ATTWOOD & RAGAN, LLC

                                        *s/Eleanor Mixon Attwood*
                                        Eleanor Mixon Attwood
                                        Georgia Bar No. 514014
                                        emattwood@law-llc.com

Decatur Town Center Two
125 Clairemont Avenue
Suite 515
Decatur, GA 30030
Tel: 470-823-4000

Counsel for Plaintiff